**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHARON LEIGH SPELLMAN,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
DC-1221-17-0133-W-1

DATE: June 29, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas F. Hennessy</u>, Esquire, Fairfax, Virginia, for the appellant.

<u>Timothy R. Zelek</u>, Quantico, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal for lack of Board jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to clarify the appellant's allegations in this appeal, supplement the administrative judge's analysis of whether the appellant nonfrivolously alleged that she made a protected disclosure, and VACATE the portion of the initial decision addressing whether the appellant nonfrivolously alleged that she made a protected disclosure that was a contributing factor in the personnel actions at issue, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant is a Financial Management Analyst with the United States Marine Corps Education Command (EDCOM) at the Marine Corps University (MCU) in Quantico, Virginia.  Initial Appeal File (IAF), Tab 1 at 6.  On February 5, 2016, she filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC), alleging that the agency had taken various actions[2] against her in retaliation for disclosing possible prohibited personnel practices (PPPs) at MCU to an agency investigator on January 14, 2016.  *Id.* at 22-31.  On February 9, 2016, the appellant filed a disclosure complaint with OSC, alleging

---

[2] In her complaint, the appellant identified the agency's alleged retaliatory actions as follows:  "Moved positions; duties removed; [Unfair Labor Practice]; detailed; unable to attend meetings related to my job, unable to walk on certain floors or communicate with certain people."  IAF, Tab 1 at 29.

that agency management officials had abused their authority and created a substantial and specific danger to public safety by participating in "personal and professional attacks against her," including "violating her detail letter" and implementing additional checks on her work. *Id.* at 16-21. The appellant transmitted both complaints to OSC's Disclosure Unit via facsimile on February 16, 2016. *Id.* at 32-33. On September 16, 2016, OSC advised the appellant that it had terminated its inquiry into the allegations in her whistleblower reprisal complaint that agency officials retaliated against her for disclosing possible PPPs to EDCOM's Commanding General (CG),[3] and it apprised her of her Board appeal rights. *Id.* at 41-43.

¶3        On November 18, 2016, the appellant filed an IRA appeal with the Board and requested a hearing. *Id.* at 7, 13. The appellant submitted the following documents with her appeal: (1) the reprisal and disclosure complaints described above; (2) a fax cover sheet dated February 16, 2016, addressed to OSC's Disclosure Unit; (3) an undated, unsigned timeline of events; and (4) OSC's September 16, 2016 letters. *Id.* at 16-43.

¶4        The administrative judge issued an order informing the parties of the jurisdictional issues and directing the appellant to submit evidence and argument to establish the Board's jurisdiction over her appeal. IAF, Tab 3. In response, the appellant submitted the same documents that she had submitted with her appeal, with the exception of OSC's letters. IAF, Tabs 1, 6.

¶5        Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision (ID) at 1, 3, 7. The administrative judge determined that the appellant exhausted her administrative remedies with OSC regarding her allegation that

---

[3] Although the appellant did not allege that she disclosed possible PPPs to the CG in her OSC whistleblower reprisal complaint, IAF, Tab 1 at 28, she apparently raised this allegation in other submissions to OSC, as evidenced by OSC's reference to her claim that she made disclosures to the CG in its September 16, 2016 letter advising her that it had terminated its inquiry into her reprisal allegations. *Id.* at 41.

agency officials retaliated against her for disclosing possible PPPs to the CG.  ID at 4.  The administrative judge concluded, however, that the appellant failed to nonfrivolously allege that she engaged in whistleblowing activity by making a disclosure protected under 5 U.S.C. § 2302(b)(8).[4]  ID at 4-6.  The administrative judge further found that the appellant failed to nonfrivolously allege that her purported protected activity was a contributing factor in the alleged personnel actions.  ID at 6-7.

¶6  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 7.  The agency has not filed a response.

## ANALYSIS

¶7  An appellant bears the burden of proving the Board's jurisdiction over her appeal by a preponderance of the evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  To establish the Board's jurisdiction over an IRA appeal, an appellant must have exhausted her administrative remedies before OSC and make nonfrivolous allegations of the following:  (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  5 U.S.C. §§ 1214(a)(3), 1221; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

---

[4] As explained below, to establish jurisdiction over an IRA appeal, an appellant is not required to prove that she made protected disclosures.  Rather she is required merely to make a nonfrivolous allegation that her disclosures were protected.  *Grubb v. Department of the Interior*, 96 M.S.P.R. 377, ¶ 11 (2004).  Although the administrative judge appears to have applied the proper nonfrivolous standard, the initial decision erroneously states that the appellant failed to "demonstrate" that she made a protected disclosure or that her purported protected activity was a contributing factor in the alleged personnel actions.  ID at 5-7.  Also, the administrative judge determined that the appellant failed to nonfrivolously allege that she made a protected disclosure.  ID at 5-6.  We thus disregard as a drafting error the administrative judge's statement in the heading at the top of page 4 that the appellant made a protected disclosure.

The administrative judge correctly found that the appellant exhausted her administrative remedies before OSC regarding her claim of reprisal for disclosing possible PPPs to the CG.

¶8    As for the exhaustion requirement, under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust her administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The Board may only consider those disclosures of information and personnel actions that the appellant raised before OSC. *Id.*; *Campo v. Department of the Army*, 93 M.S.P.R. 1, ¶ 9 (2002) (holding that the Board's jurisdiction in an IRA appeal is limited to the issues she raised before OSC). An appellant may demonstrate exhaustion through her initial OSC complaint, evidence that she amended the original complaint, including but not limited to, OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Mason*, 116 M.S.P.R. 135, ¶ 8.

¶9    The administrative judge correctly found that the appellant exhausted her remedies before OSC as to her allegation that agency officials retaliated against her for disclosing possible PPPs to the CG. ID at 4. As noted above, OSC's letter notifying the appellant of her Board appeal rights shows that the appellant raised this allegation before OSC. IAF, Tab 1 at 41; *Sutton v. Department of Justice*, 94 M.S.P.R. 4, ¶ 9 (2003) (considering OSC's termination letters in determining whether the appellant satisfied the exhaustion requirement), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004).

The appellant did not allege retaliation for making a protected disclosure to OSC and, in any event, she did not exhaust her administrative remedies with OSC regarding such a claim.

¶10    In the initial decision, the administrative judge stated that the appellant was alleging that the agency retaliated against her for making a protected whistleblowing disclosure to OSC. ID at 1; *see* 5 U.S.C. § 2302(b)(8)(B) (prohibiting an agency from taking or failing to take a personnel action

concerning any employee "because of . . . any disclosure to the Special Counsel" of information that the employee reasonably believes evidences, among other things, a violation of any law, rule, or regulation, gross mismanagement, or an abuse of authority).  Careful review of the record shows that the appellant has not made such an allegation.

¶11      Moreover, even if this appeal included a claim of reprisal for making a protected disclosure to OSC, the appellant has not shown that she exhausted her OSC remedy regarding such a claim.  An appellant filing an IRA appeal has not exhausted her OSC remedy unless she has filed a complaint with OSC and either OSC has notified her that it was terminating its investigation of her allegations or 120 calendar days have passed since she first sought corrective action.  *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010).   The record contains no evidence showing that the appellant filed a complaint with OSC alleging that the agency retaliated against her for making a disclosure to OSC.

The appellant has failed to nonfrivolously allege that she made a protected disclosure.

¶12      Although the administrative judge found that the appellant exhausted her remedies regarding her allegation of retaliation for disclosing possible PPPs to the CG, he did not analyze whether the appellant nonfrivolously alleged that those disclosures were protected.[5]  Thus, we do so here.

¶13      A nonfrivolous allegation of a protected disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of

---

[5] Instead, the administrative judge considered whether the appellant nonfrivolously alleged that her disclosures to OSC regarding the agency's alleged abuse of authority and its creating a substantial and specific danger to public safety were protected, and he found that the appellant failed to do so.  ID at 5-6; IAF, Tab 1 at 19.  The appellant has not specifically contested the administrative judge's finding.  *See generally* PFR File, Tab 7.  Therefore, we have not further considered this issue.  *See* 5 C.F.R. § 1201.115 (stating that the Board normally will consider only issues raised in a timely filed petition for review or in a timely filed cross petition for review).

wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno*, 123 M.S.P.R. 230, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief that her disclosure evidenced wrongdoing is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the Government evidenced a violation of law, rule or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* (citing *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999)). The disclosure must be specific and detailed, not vague allegations of wrongdoing. *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014). Conclusory, vague, or unsupported allegations are insufficient to qualify as a nonfrivolous allegation of jurisdiction in an IRA appeal. *McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 7 (2008).

¶14    The appellant argues on review that the administrative judge erred in finding that she failed to nonfrivolously allege that she made a protected disclosure. PFR File, Tab 7 at 5. She asserts that, in making this finding, the administrative judge disregarded evidence showing that she complained about "[a]gency policy and practice concerning a promotion." *Id.* She contends that her complaint about the agency's failure to adhere to its own promotion policies was clearly a protected disclosure under 5 U.S.C. § 2302(b)(8). *Id.* at 7.

¶15    Based on our review of the record, we conclude that the appellant's allegations of wrongdoing are not sufficiently specific or detailed to constitute a nonfrivolous allegation of a protected disclosure. The appellant asserts broadly that she complained about the agency's alleged illegal hiring practices and failure to adhere to its own promotion policies. *Id.* at 6-7. The appellant's conclusory and vague allegations of wrongdoing, without any details, are insufficient to constitute a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8). *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶¶ 7-8 (2015) (finding that the appellant's disclosures regarding the agency's alleged delays in

processing his travel reimbursement claims "only vaguely allege wrongdoing" and do not constitute a nonfrivolous allegation of a violation of law, rule, or regulation), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

It is unnecessary to determine whether the appellant nonfrivolously alleged that her disclosures were a contributing factor in the personnel actions at issue.

¶16    The appellant also argues on review that she showed that her protected disclosures were a contributing factor in the personnel actions at issue. PFR File, Tab 7 at 7. Because the appellant has failed to raise a nonfrivolous allegation that she made a protected disclosure, it is unnecessary to determine whether she raised a nonfrivolous allegation that her disclosures were a contributing factor in the personnel actions. *See Yunus*, 242 F.3d at 1371. Accordingly, we vacate the portion of the initial decision addressing the contributing factor element of this appeal.

¶17    In sum, we find that the appellant exhausted her administrative remedies with OSC regarding her allegation that agency officials retaliated against her for disclosing possible PPPs to the CG; however, she failed to nonfrivolously allege that those disclosures are protected. Therefore, we find that this IRA appeal must be dismissed for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                  /s/ for
                                                        _____
                                                        Jennifer Everling
                                                        Acting Clerk of the Board
Washington, D.C.